**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

|   |   |
|---|---|
| Miguel Tapia, on behalf of himself and others similarly situated, | **Civil Action No.** |
| Plaintiff, | **FLSA COLLECTIVE ACTION and CLASS ACTION COMPLAINT** |
| -against- | |
| Pro Custom Solar LLC, d/b/a Momentum Solar, | **Jury Trial Demanded** |
| Defendant. | |

Plaintiff Miguel Tapia ("Plaintiff" or "Tapia"), on behalf of himself and other similarly situated employees, by and through his attorneys, the Law Office of Mohammed Gangat, as and for his complaint against Pro Custom Solar d/b/a Momentum Solar ("Defendant" or "Company") respectfully alleges upon personal knowledge as to himself and upon information and belief as to other matters, as follows:

## NATURE OF THE ACTION

1. Pursuant to the Fair Labor Standards Act ("FLSA"), as amended 29 U.S.C. §§ 201, et seq., Plaintiff and a proposed FLSA Collective are entitled to recover from Defendant:
   (1) unpaid minimum wages; (2) unpaid overtime wages; (3) liquidated damages;
   (4) recovery of all unlawful deductions in the form of unreimbursed business expenses;
   (5) prejudgment interest; and (6) attorneys' fees and costs .

2. Pursuant to the New York Labor Law ("NYLL" Plaintiff and a proposed Rule 23 class composed of all employees of Defendant classified as "salespersons"—manual workers who engaged in motor vehicle operation, walking, and handling materials all day in the process of promoting Defendant's solar services—are entitled to recover from

Defendant: (1) unpaid minimum wages; (2) unpaid overtime; (3) unpaid spread of hours premium; (4) statutory damages arising out of Defendant's failure to provide required wage and hour law notices; (5) liquidated damages and civil penalties pursuant to NYLL and New York State Wage Theft Prevention Act; (6) recovery of all unlawful deductions in the form of unreimbursed business expenses; (7) prejudgment interest; and (8) attorneys' fees and costs. See NYSLL §§ 190 et. seq.; NYSLL §§ 650 et. seq.

<u>**JURISDICTION AND VENUE**</u>

3.  This Court has subject matter jurisdiction over Plaintiff's federal claims pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, et seq., and 28 U.S.C. §§ 1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiff's state law claims pursuant to U.S.C. § 1367(a).

4.  Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391 (b)(1) and (c)(2) since Defendant, a foreign limited liability company, would be considered a New York resident for venue purposes, because it would be subject to the personal jurisdiction of this Court under Federal Rules of Civil Procedure (FRCP), Rule 4(k)(1)(A). Following this rule Defendant would be subject to the jurisdiction of a New York court of general jurisdiction with respect to this civil action under New York's Long Arm Statute, CPLR § 302(a)(1) because it transacts business within the state. Constitutional due process would be met since the court would have specific jurisdiction over Defendant whose actions and omissions in New York gave rise to the claims in this case.

5. For the same reasons just stated, under (FRCP), Rule 4(k)(1)(A) this Court would obtain personal jurisdiction over Defendant by service of process, in this case on the Secretary of State of New York.

## THE PARTIES

6. Plaintiff Miguel Tapia ("Plaintiff" of "Tapia") is an adult, over eighteen years old, who currently resides in Orange County in the State of New York.

7. Defendant Pro Custom Solar LLC d/b/a Momentum Solar ("Momentum Solar") is a New Jersey limited liability company that conducts business in New York State. In New York State, Defendant's principal place of business is located at 45 Fairchild Avenue, Suite B, Plainview, NY 11803. In just under a decade the company has grown from two employees to over 2,000. The company brings in over $100 million annually in revenue and has operations in seven states including New York, New Jersey, Florida, Texas, California, Pennsylvania, and Connecticut.

8. At all relevant times, Momentum Solar met the definition of an "employer" under the FLSA and NYLL.

9. At all relevant, Plaintiff was employed by Defendant and met the definition of an "employee" under the FLSA and NYLL.

## STATEMENT OF FACTS

10. Upon information and belief, and at all relevant times herein, Defendant was in the business of providing solar energy to building owners including in New York State.

11. At all times relevant herein, Plaintiff was employed under the job classification of "salesperson" by Defendant and worked as a manual worker – engaged in motor vehicle

operation, walking, and handling materials all day in the process of promoting Defendant's solar services.

12. Plaintiff Miguel Tapia was employed by Defendant from in or around the middle of December 2019 to in or about March 2020, the "relevant time period".

13. Upon information and belief, during the relevant time period, there were approximately 30 total "salespersons" performing the same or similar work as Plaintiff Tapia at any one time. However, given almost constant turnover, during the relevant time period, upwards of 100 of Defendant's employees worked as "salespersons" like Plaintiff.

14. Plaintiff worked between 6-7 days per week, typically from 8am to 10pm.

15. Upon information and belief and at all times relevant herein, Defendant failed to pay Plaintiff for hours worked.

16. Upon information and belief and at all times relevant herein, Defendant provided Plaintiff with a "draw against commission" in the amount of $500 every other week (biweekly) that Plaintiff would pay back after receiving commission.

17. Plaintiff was not paid any commission, ever.

18. At all times relevant herein, Plaintiff worked approximately 70-80 hours a week for Defendant, and sometimes more. Plaintiff worked six days a week for Defendant and during some periods, worked seven days a week. Plaintiff would start his day as early as 8am or before and end his workday for Defendant as late as 10pm or after.

19. Plaintiff was never paid the minimum wage and any overtime pay by Defendant.

20. At all times relevant herein, Plaintiff was required to use his own vehicle to make deliveries for Defendant. Plaintiff spent about $240 a week for gas in order to perform work for Defendant and was not reimbursed for such work-related expenses. Plaintiff

also had to incur other employment-related costs such as other costs associated with the use of his vehicle to perform work for Defendant.

21. Defendant's treatment of Plaintiff during his employment, and the circumstances of Plaintiff's employment are currently under investigation and review, and Plaintiff may assert other claims at a later time.

22. Upon information and belief, and at all relevant times herein, Defendant failed to display federal and state minimum wage/overtime posters as required by the FLSA and NYLL.

23. Upon information and belief, and at all relevant times herein, Defendant failed to notify Plaintiff of his state and federal minimum wage and overtime rights and failed to inform Plaintiff that he could seek enforcement of such rights through the government enforcement agencies.

24. The "present" or the "present time" as used in this complaint refers to the date this complaint was signed.

## COLLECTIVE ACTION ALLEGATIONS
### (FLSA)

25. Plaintiff brings his FLSA claims individually and as class representative in a collective action pursuant to the FLSA on behalf of all other similarly-situated persons that fall within the following definition:

> **All employees who worked for Momentum Solar out of its principal of business in New York State at 45 Fairchild Avenue, Suite B, Plainview, NY 11803 as "sales persons" during the time Plaintiff Tipia worked there from December 2019 to March 2020.**

26. On information and belief, the FLSA Collective consists of at least 100 similarly situated current and former employees at Momentum Solar, "sales persons" such as

Plaintiff, who have been victims of Defendant's intentional and willful common policy

and/or policies and practices that have violated their rights under the FLSA by:

    i.    failing to pay the applicable minimum wage;

    ii.    failing to pay any applicable overtime wages pursuant to 29 U.S.C. § 207;

    iii.    failing to keep accurate records of hours worked by employees as required by the FLSA;

    iv.    failing to reimburse these employees for business expenses, notably for gas and other operating costs of operating their vehicles in the course of promoting and selling Momentum Solar products throughout New York State as required by the FLSA;

    v.    failing to display minimum wage/overtime posters as required by the FLSA; and

    vi.    failing to inform these employees of their minimum and overtime wage rights under the FLSA and their right to enforce these rights through government enforcement agencies.

27. Defendant has engaged in its unlawful conduct pursuant to a corporate policy of

minimizing labor costs and denying employees compensation. Defendant's unlawful

conduct has been intentional, willful, and in bad faith, and has caused significant

damage to Plaintiff and the FLSA Collective members.

28. The FLSA Collective would benefit from the issuance of a court-supervised notice of

the present lawsuit and the opportunity to join the present lawsuit. These similarly

situated employees, classified as "salespersons", are known to Defendant, are readily

identifiable and locatable through its records. These similarly situated employees should

be notified of and allowed to opt-in to this action, pursuant to 29 U.S.C. § 216(b).

29. Upon information and belief, the total number of members of the FLSA Collective is so

numerous that joinder of all members is impracticable.  Especially given the high

turnover of these "salespersons" during the December 2019 to March 2020 relevant time

period, many of these FLSA Collective members would not be likely to file individual

suits because they lack knowledge of their claims, and upon information and belief also

lack adequate financial resources, and access to attorneys.

30. Plaintiff will fairly and adequately protect the interests of the FLSA Collective members

and has retained counsel that is experienced and competent in the fields of employment

law and FLSA collective and class action litigation.

31. This action should be certified as a collective action because the prosecution of separate

actions by individual members of the Collective would create a risk of either

inconsistent or varying adjudications with respect to individual members, or

adjudications with respect to individual members of the class that would as a practical

matter be dispositive of the interests of the other members not parties to the

adjudication, or substantially impair or impede their ability to protect their interests.

32. A collective action is superior to other available for the fair and efficient adjudication of

this controversy, since joinder of all members is impracticable. Furthermore, inasmuch

as the damages suffered by individual FLSA Collective members may be relatively

small, the expense and burden of individual litigation make it virtually impossible for

the members of the FLSA Collective to individually seek redress for the wrongs done to

them. There will be no difficulty in the management of this action as a collective action.

33. Questions of law and fact common to the members of the FLSA Collective, as "sales

persons" for Defendant predominate over questions that may affect only individual

members because Defendant has acted on grounds generally applicable to all members.

Among the common questions of law and fact common to Plaintiff and other FLSA

Collective members are:

a. Whether Plaintiff and the FLSA Collective members classified as "salespersons" working on "commission" qualify as "employees" under the FLSA;

b. Whether the Defendant had the power to set the work schedules of Plaintiff and the FLSA Collective members;

c. Whether the Defendant maintained employee records, including records of any wage payments with respect to Plaintiff and the FLSA Collective members;

d. Whether the Defendant maintained employee records related to any work-related expenses incurred by and owed to Plaintiff and the FLSA Collective members;

e. Whether the Defendant reimbursed Plaintiff and the FLSA Collective members for owed work-related expenses;

f. Whether the Defendant failed to pay the Plaintiff and the FLSA Collective members the applicable minimum wage for all straight hours worked and the overtime compensation for all hours worked in excess of forty (40) hours per workweek, in violation of the FLSA;

g. Whether the Defendant's violations of the FLSA are willful as the term is used within the context of the FLSA; and

h. Whether the Defendant is liable for all damages claimed hereunder, including but not limited to compensatory, liquidated and statutory damages, interest, attorneys' fees, costs and disbursements.

34. Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a collective action.

## CLASS ACTION ALLEGATIONS
### (NYLL)

I.     **Class Definition**

35. This is a class action pursuant to Federal Rules of Civil Procedure (FRCP) Rules 23(a),

(b)(2) and (b)(3) brought by Plaintiff on behalf of a "Proposed NYLL Class" of similarly

situated employees. The Proposed NYLL Class is defined as follows:

> **All employees who worked for Momentum Solar out of its principal of business in New York State at 45 Fairchild Avenue, Suite B, Plainview, NY 11803 as "sales persons" during the time Plaintiff Tipia worked there from December 2019 to March 2020.**

36. On information and belief, the Proposed NYLL Class consists of at least 100 similarly

situated current and former employees at Momentum Solar, "sales persons" such as

Plaintiff, who have been victims of Defendant's intentional and willful common policy

and/or policies and practices that have violated their rights under the NYLL by:

    i.     failing to pay the applicable minimum wage;

    ii.    failing to pay any applicable overtime wages pursuant to the NYLL;

    iii.   failing to keep accurate records of hours worked by employees as required by the NYLL**;**

    iv.   failing to reimburse these employees for business expenses, notably for gas and other operating costs of operating their vehicles in the course of promoting and selling Momentum Solar products throughout New York State as required by the NYLL;

    v.    failing to pay spread hours premium for workdays longer than ten hours;

    vi.   failing to display minimum wage/overtime posters as required by the NYLL; and

    vii.  failing to inform these employees of their minimum and overtime wage rights under the NYLL and their right to enforce these rights through government enforcement agencies.

## II.    <u>Ascertainability</u>

37. The identity of the Proposed NYLL Class is readily ascertainable from Defendant's records, and class notice can be provided to all class members by means permitted by Rule 23 of the Federal Rules of Civil Procedure. To be effective, class notice should be provided through each class member's last known address as reflected in Defendant's records.

## III.    <u>Numerosity and Impracticality of Joinder</u>

38. The members of the Proposed NYLL Class are sufficiently numerous to make joinder of their claims impracticable. While the exact number of Proposed NYLL Class members is unknown because such information is in the exclusive control of Momentum Solar, upon information and belief, given the high turnover of "salespersons", there are more than 100 current and former employees who have been the victim of Defendant's violations of the NYLL between December 2019 and March 2020.

39. Although precise determination of the number of Proposed NYLL Class members is impossible at this time, it is significant and satisfies the numerosity requirement of FRCP 23(a).

## IV.    <u>Common Questions of Law and Fact</u>

40. The claims alleged on behalf of Plaintiff and the Proposed NYLL Class raise questions of law and fact common to the Class which predominate over any questions solely affecting the individual members of the Class, including but not limited to:

    a.  Whether the Plaintiff and Proposed NYLL Class classified as "salespersons" working on "commission" qualify as "employees" under the NYLL;

b.  Whether the Defendant had the power to set the work schedules of the Plaintiff and the Proposed NYLL Class;

c.  Whether the Defendant maintained employee records, including records of any wage payments with respect to Plaintiff and the Proposed NYLL Class;

d.  Whether the Defendant maintained employee records related to any work-related expenses incurred by and owed to Plaintiff and the Proposed NYLL Class;

e.  Whether the Defendant reimbursed any work-related expenses owed to Plaintiff and the Proposed NYLL Class;

f.  Whether the Defendant failed to pay Plaintiff and the Proposed NYLL Class members the applicable minimum wage for all straight hours worked and the overtime compensation for all hours worked in excess of forty (40) hours per workweek, in violation of the NYLL;

g.  Whether the Defendant failed to pay Plaintiff and the Proposed NYLL class members required spread of hours pay for each hour they worked in excess of 10 hours per day under the NYLL;

h.  Whether the Defendant's violations of the NYLL are willful as the term is used within the context of the NYLL: and,

i.  Whether the Defendant is liable for all damages claimed hereunder, including but not limited to compensatory, liquidated and statutory damages, interest, attorneys' fees, costs and disbursements.

.

## V.   Typicality of Claims and Relief Sought

41. Plaintiff is a member of the Proposed NYLL Class he seeks to represent.

42. The claims of Plaintiff are typical of the claims of the Proposed NYLL Class in that they all arise from the same unlawful patterns, practices, and/or policies of Momentum Solar and are based on the legal theory that these patterns, practices, and/or policies violate legal rights protected by New York state law.

43. Plaintiff and members of the Proposed NYLL Class all allege that they each were the victim of violations of the NYLL, including a failure to pay the applicable minimum wage and overtime, spread of hours premium, as well as violations of NYLL § 193 in connection with failure to reimburse them for work-related expenses.

44. The relief that Plaintiff seeks for Momentum Solar's unlawful patterns, practices and/or policies is typical of the relief which is sought on behalf of the Proposed NYLL class.

45. Defendant has acted on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

46. In addition, a class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation, where individuals lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant with considerable resources.

47. Thus, the typicality requirement of FRCP 23(a) is satisfied.

## VI.   Adequacy of Representation

48. The interests of Plaintiff are co-extensive with those of the Proposed NYLL Class, he seeks to represent in the instant case.

49. Plaintiff is willing and able to represent the Proposed NYLL Class as fairly and vigorously as he pursues his similar individual claims.

50. Plaintiff has retained counsel who are qualified and experienced in employment and wage and hour class action litigation and who are able to meet the time and fiscal demands necessary to litigate a class action of this size and complexity.

51. Plaintiff will fairly and adequately protect the interests of the Class members. Plaintiff understands that, as a class representative, he assumes a fiduciary responsibility to the Proposed NYLL Class members to represent their interests fairly and adequately, and that he must consider the interests of the Class members just as he would represent and consider his own interests, and that he may not favor his own interests over those of the Class members.

52. Plaintiff recognizes that any resolution of the class action lawsuit, including any settlement or dismissal thereof, must be in the best interests of the Proposed NYLL Class members.

53. Plaintiff understands that in order to provide adequate representation, he must remain informed of litigations developments and understands that he may be called upon to testify in depositions and at trial.

54. The combined interests, experience, and resources of Plaintiff and his counsel to competently litigate the class claims at issue in the instant case satisfy the adequacy of representation requirement of FRCP 23(a).

## VII.    Requirements of Rule 23(b)

### A.    Rule 23(b)(1)

55. Without class certification, the same evidence and issues and issues would be subject to re-litigation in a multitude of lawsuits with an attendant risk of inconsistent adjudications and conflicting obligations.

56. Specifically, all evidence of Momentum Solar's patterns, practices, and/or policies and the issue of whether it is in violation of federal and state law would be exchanged and litigated repeatedly.

57. Accordingly, certification of the Proposed NYLL Class is the most efficient and judicious means of presenting the evidence and arguments necessary to resolve such questions for Plaintiff, the Proposed NYLL Class, and Momentum Solar.

58. By filing this Complaint, Plaintiff is preserving the rights of Proposed NYLL Class members with respect to the statute of limitations on their claims. Therefore, not certifying a class would substantially impair and/or impede the other members' ability to protect their interests.

### B.    Rule 23(b)(2)

59. Momentum has acted on grounds, described herein, generally applicable to Plaintiff and the members of the Proposed NYLL Class, by adopting and following systemic patterns, practices, and/or policies that violate the rights provided to Plaintiff and the Proposed NYLL Class under the NYLL.

60. These unlawful acts are fostered by Momentum Solar's standard patterns, practices, and/or policies, are not sporadic or isolated and support the request for final injunctive and declaratory relief with respect to Plaintiff and the Proposed Class as a whole.

61. Declaratory and injunctive relief are the factual and legal predicates for Plaintiff's and the Proposed NYLL Class' entitlement to monetary and non-monetary remedies for individual losses caused by, and exemplary purposes necessitated by, such systemic violations of the New York Labor Law.

62. Accordingly, injunctive and declaratory relief are among the forms of relief sought in this case.

**C.    Rule 23(b)(3)**

63. The common issues of fact and law affecting Plaintiff's claims and those of the Proposed NYLL Class, including, but not limited to, the common issues identified in the paragraphs above, predominate over issues affecting only individual claims.

64. A class action is superior to other available means for the fair and efficient adjudication of Plaintiff's claims and the claims of the Proposed NYLL Class.

65. The cost of proving Momentum Solar's pattern and practice of violating the NYLL makes it impracticable for the members of the Proposed NYLL Class to pursue their claims individually.

66. The class action will not be difficult to manage for reasons including, but not limited to, the discrete organizational nature of the Proposed NYLL Class, as well as the common questions of law and fact described above.

## AS AND FOR A FIRST CAUSE OF ACTION
### FLSA - Failure to Pay Minimum Wage

67. Plaintiff alleges and incorporates by reference the allegations contained in all preceding paragraphs.

68. Defendants have engaged in a widespread pattern and practice of violating the FLSA, as detailed in this Complaint.

69. At all times relevant to this action, Plaintiff and FLSA Collective members were employed by Defendant within the meaning of 29 U.S.C. § 203(d).

70. Plaintiff consents to be a party to this action, pursuant to 29 U.S.C. § 216(b).

71. At all times relevant to this action, Plaintiff and FLSA Collective members were engaged in commerce and the Defendant was an "enterprise" as defined in 29 U.S.C. § 203(r). The annual gross volume of sales made, or business done by Defendant's operations, is in excess of $500,00. Accordingly, Defendant is an "enterprise engaged in commerce" within the meaning of 29 U.S.C. § 203(s)(1).

72. Pursuant to Section 206 of the Fair Labor Standards Act, 29 U.S.C. § 206, the federal minimum wage for the time relevant is $7.25 per hour. Defendant violated the rights of Plaintiff and FLSA Collective members by failing to pay them the minimum wage for each discrete work week, in violation of FLSA, 29 U.S.C. § 206(a)(1).

73. Upon information and belief, said violations were willful within the meaning of 29 U.S.C. § 255(a).

## Relief Demanded

74. Due to Defendant's violations of the FLSA, Plaintiff and FLSA Collective members are entitled to recover from Defendant, their unpaid minimum wages, plus an additional

equal amount in liquidated damages, plus attorneys' fees, and costs of the action, and

any other appropriate relief pursuant to 29 U.S.C. § 216(b).

## AS AND FOR A SECOND CAUSE OF ACTION

### NYSLL- Failure to Pay Minimum Wage

75. Plaintiff alleges and incorporates by reference the allegations contained in all the

preceding paragraphs.

76. At all times relevant to this action, Plaintiff and the Proposed NYLL Class members

were employed by Defendant within the meaning of NYSLL § 651.

77. During the relevant period, December 2019 to March 2020, Plaintiff and the Proposed

NYLL Class members have worked weeks in which they earned less than the required

minimum wage.

78. Defendant, by the above, has violated NYSLL § 652 and 12 NYCRR § 142-2.1.

79. Defendant had no good faith basis to believe that its actions were in compliance with the

law within the meaning of NYSLL § 663.

## Relief Demanded

80. Due to Defendant's violations of the NYLL and 12 NYCRR § 142-2.2, Plaintiff and the

Proposed NYLL Class members are entitled to recover from Defendant, their unpaid

minimum wages, maximum liquidated damages, plus attorneys' fees, and costs of the

action, pursuant to NYLL §§ 198, 663.

## AS AND FOR A THIRD CAUSE OF ACTION

### FLSA – Unpaid Overtime Wages

81. Plaintiff alleges and incorporates by reference all the allegations in the preceding

paragraphs.

82. Plaintiff and the FLSA Collective members regularly worked more than 40 hours per week during their employment with Defendant.

83. At all relevant times, Defendant violated the rights of Plaintiff and FLSA Collective members by failing to pay them at the statutorily required overtime rate of one and one-half times the regular rate of pay for each hour worked in excess of 40 hours in a week.

84. Defendant by the above acts, has violated 29 U.S.C. § 207(a)(1).

85. Defendant's failure to pay Plaintiff and the FLSA Collective embers was willful within the meaning of 29 U.S.C. § 255(a).

### Relief Demanded

86. Due to Defendant's violations of 29 U.S.C. § 207 Plaintiff and the FLSA Collective members are entitled to recover from Defendant, their unpaid overtime wages, an equal amount of liquidated damages, attorneys' fees and costs, and any other appropriate relief pursuant to 29 U.S.C. § 216(b).

### AS AND FOR A FOURTH CAUSE OF ACTION

### NYLL – Unpaid Overtime Wages

87. Plaintiff alleges and incorporates by reference all the allegations in the preceding paragraphs.

88. Plaintiff and the Proposed NYLL Class members regularly worked more than 40 hours per week during their employment with Defendant.

89. At all relevant times, Defendant violated the rights of Plaintiff and the Proposed NYLL Class members by failing to pay them at the statutorily required overtime rate of one and one-half times the regular rate of pay for each hour worked in excess of 40 hours in a week.

90. Defendant, by the above acts, has violated NYSLL § 652 and 12 NYCRR § 142-2.2.

91. Defendant had no good faith basis to believe that its actions were in compliance with the law, within the meaning of NYSLL § 663.

### Relief Demanded

92. Due to Defendant's violations of the NYLL and 12 NYCRR § 142-2.2, Plaintiff and the Proposed NYLL Class members are entitled to recover from Defendant, their unpaid overtime wages, maximum liquidated damages, plus attorneys' fees, and costs of the action, pursuant to NYLL §§ 198, 663.

### AS AND FOR A FIFTH CAUSE OF ACTION

### (NYLL § 191, 193, 198 – Unlawful Deductions/Expenses)

93. Plaintiff alleges and incorporates by reference all the allegations in the preceding paragraphs.

94. Plaintiff and the Proposed NYLL Class members used their own vehicles to perform work for Defendant as "salespersons".

95. At all times relevant herein, Defendant failed to pay and failed to reimburse Plaintiff and the Proposed NYLL Class members for employment-related expenses such as gas, in violation of NYLL 193 and 12 NYCRR 142-2.10.

96. The Defendant has acted or refused to act on grounds generally applicable to Plaintiff and the Proposed NYLL Class members thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to Plaintiff and the Proposed NYLL Class Members.

97. At all times relevant to this action, Plaintiff and the Proposed NYLL Class members were employed by Defendant within the meaning of the New York Labor Law,

including 12 NYCRR 142, NYLL §§ 190 et Seq., including NYLL 193 and the regulations thereunder.

### Relief Demanded

98. Due to Defendant's violations of 12 NYCRR 142-2.10, NYLL 193 and the regulations thereunder, Plaintiff and the Proposed NYLL Class members are entitled to recover from Defendant their reimbursed employment-related expenses, maximum liquidated damages, attorneys' fees, and costs of this action, pursuant to NYLL §§ 198, 663.

### AS AND FOR A SIXTH CAUSE OF ACTION

### (NYLL § 195 and 198 Wage Notice/Statement)

99. Plaintiff alleges and incorporates all allegations in the preceding paragraphs as if fully set forth herein.

100.    At all times relevant to this action, Plaintiff and the Proposed NYLL Class members were employed by Defendant within the meaning of the New York Labor Law, §§ 190 et seq., including §§ 191, 193, 195 and 198 and the applicable regulations thereunder.

101.    At all times relevant herein, Defendant failed and willfully failed to provide Plaintiff and the Proposed NYLL Class members with the statement(s) required by NYLL 195(3).

102.     Plaintiff and the Proposed NYLL Class members are therefore entitled to and seek to recover in this action the maximum recovery for this violation, plus attorneys' fees and costs pursuant to NYLL 198 including NYLL 198(1-d), as well as an injunction directing Defendant to comply with NYLL 195(1).

## Relief Demanded

103.    Due to Defendant's New York Labor Law Article 6 violations including

violations of sections 191, 193 and 198, Plaintiff and the Proposed NYLL Class

members are entitled to recover from Defendant, their entire unpaid wages, maximum

liquidated damages on all wages paid later than weekly, prejudgment interest, maximum

recovery for violations of NYLL 195(1) and NYLL 195(3), reasonable attorneys' fees,

and costs of the action, pursuant to NY Labor Law § 190 et seq. including § 198.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff, individually and on behalf of all others similarly situated

respectfully requests that this Court grant the following relief:

a.  Designation of this action as a collective action pursuant to 29 U.S.C. § 216(b);

b.  Designation of Plaintiff as representative of the FLSA Collective;

c.  Designation of Plaintiff's counsel of record as class counsel for the FLSA Collective;

d.   That at the earliest possible time, Plaintiff through their counsel be permitted to give

notice of this collective action, or that the Court issue such notice of this collective action

and require Defendant to provide the names and last known addresses of the FLSA

Collective, all "salespersons" who worked for Defendant out of its principal office in

New York State from December 2019 to March 2020;

e.  Certification of this case as a class action pursuant to FRCP 23;

f.  Designation of Plaintiff as the representative of the Proposed NYLL Class;

g.  Designation of Plaintiff's counsel of record as class counsel for the Proposed NYLL

Class;

h.  Declare Defendant to be in violation of the FLSA and the NYSLL.

i. Award Plaintiff and the FLSA Collective and Proposed NYLL Class members all unpaid wages due as a result of Defendant's violations of the minimum wage provisions of the FLSA and the NYSLL;

j. Award Plaintiff and the FLSA Collective and Proposed NYLL Class members all unpaid wages due as a result of Defendant's violations of the overtime provisions of the FLSA and the NYSLL;

k. Award Plaintiff and the Proposed NYLL Class members reimbursement for unlawful wage deductions and employment related expenses, reasonable attorneys' fees, and costs of the action, pursuant to 12 NYCRR 142-2.10, NYLL 193; NY Labor Law §§ 198, 663.

l. Award Plaintiff and the Proposed NYLL Class members their entire unpaid wages/deductions/expenses, maximum liquidated damages – including prejudgment interest, maximum recovery for violations of NYLL 195(1) and NYLL 195(3), reasonable attorneys' fees, and costs of the action, pursuant to NY Labor Law § 190 et seq. including § 198, and issue an injunction directing Defendant to comply with NYLL 195(1) and NYLL 195(3).

m. Award Plaintiff and the FLSA Collective and Proposed NYLL Class members prejudgment interest on all monies due;

n. Award Plaintiff and the FLSA Collective and Proposed NYLL Class members any relief requested or stated in the preceding paragraphs but which has not been requested in the WHEREFORE clause, in addition to the relief requested in the wherefore clause; and

o. Award Plaintiff and the FLSA Collective and Proposed NYLL Class members such other, further and different relief as the Court deems just and proper.

Dated: New York, New York
      September 8, 2020

**LAW OFFICE OF MOHAMMED GANGAT**

By: _____
      Mohammed Gangat, Esq.
      675 Third Avenue, Suite 1810
      New York, NY 10017
      (718) 669-0714
      mgangat@gangatllc.com
      *Attorneys for Plaintiff Miguel Tapia*