**Law Office of Mohammed Gangat**
*Representing Workers in Employment Litigation*

675 Third Avenue, Suite 1810
New York, NY 10017
Direct Dial: (718) 669-0714
Office: (646) 556-6112
mgangat@gangatpllc.com
Fax: (646) 496-9195

*Via ECF*

March 24, 2021

Hon. Gary R. Brown (U.S.D.J)
U.S District Court, Eastern District of New York,
100 Federal Plaza,
Central Islip, NY 11722

<u>Re</u>:   **<u>Miguel Tapia, v. Pro Custom Solar LLC, d/b/a Momentum Solar, Case No. 2:20-cv-04180-GRB-AYS</u>**

Greetings:

I represent plaintiff Miguel Tapia ("Plaintiff") in the above-referenced action (the "Action") and submit this letter jointly with counsel for defendant Pro Custom Solar LLC, d/b/a Momentum Solar ("Defendants") seeking the Court's approval of the settlement in this action, as per the Second Circuit's decision in Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199 (2d Cir. 2015). Counsel for Defendants has reviewed and approved this letter.

This action arises under the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL") for unpaid overtime and other amounts due Plaintiff as a result of the Defendant's alleged violations of these wage-and-hour laws, including failure to pay overtime, failure to pay spread of hours (i.e., an additional hour of pay for each workday in excess of ten hours per day), and failure to provide wage notices and accurate wage statements.

The parties to this action by and through their attorneys have had multiple conversations ultimately arrived at a compromise figure, and a breakdown of the settlement amount, to resolve all claims, including attorneys' fees and costs, and the parties memorialized this in a written agreement to resolve this Action (the "Agreement") that is now being submitted to Your Honor for approval. (A copy of the Agreement is attached hereto as Exhibit A).

Pursuant to the Agreement, the $9,000 will be divided as follows:
1. **$3,338** to Plaintiff's counsel reflecting $508 in expenses, including $410 filing fee and $98 process server's fees and one third of the remaining settlement after expense reimbursement for attorneys' fees ($2,830); and
2. **$5,662** to Plaintiff Miguel Tapia.

Hon. Gary R. Brown
March 5, 2021
Page 2 of 2

      In all, the Agreement is in line with the mandate from *Cheeks*. Keeping in line with the trend in the Circuit following *Cheeks*, the Agreement contains a limited release, which applies only to claims arising for wages or other compensation arising from Plaintiff's employment with the Defendants. There is no confidentiality provision; only a non-disparagement provision where the parties agree not to disparage one another and agree to not say or do anything that would harm the reputation of the other. Importantly, the non-disparagement provision where the parties retain the right to discuss matters related to this legal action with whomever they choose so long as the parties retain the right to discuss matters related to this legal action with whomever they choose so long as the parties' statements are truthful.

      This settlement is fair when comparing the potential recovery at trial to the settlement amount. It is also fair when considering Plaintiff's counsel will keep 30% of the total settlement proceeds, with 70% going to the Plaintiff, this is lower than what lawyers commonly take.

      Moreover, this is not a case where a settlement came about because of "overreaching" by any part. To the contrary, the settlement was the result of vigorous arm's-length negotiations occurring over months involving counsel and the exchange of documentary evidence. The parties' counsels are experienced and well-versed in wage and hour law and duly counseled their respective clients on the benefits and risks of continued litigation. Settlement at this stage of the case for this amount constitutes the most efficient and effective conclusion to this litigation for all parties.

      The parties believe that the settlement is completely fair, reasonable, and adequate to the Plaintiff and respectfully request that the Court approve the Agreement and permit the parties to submit the Stipulation of Voluntary Dismissal With Prejudice to the Court for So Ordering and filing with the Clerk of the Court.

      We thank the Court for its time and attention to this matter.

      Respectfully Submitted,

      Law Office of Mohammed Gangat

      _____
      Mohammed Gangat, Esq.